UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARMODY & TORRANCE LLP,<br>          Plaintiff, | : <br> : <br> : | CIVIL ACTION NO.<br>3:11-cv-1738 (JCH) |
| v. | : <br> : | |
| DEFENSE CONTRACT<br>MANAGEMENT AGENCY, THE<br>UNITED STATES DEPARTMENT OF<br>DEFENSE,<br>          Defendants, | : <br> : <br> : <br> : <br> : | |
| SIKORSKY AIRCRAFT CORP.,<br>          Intervenor. | : <br> : <br> : <br> : | NOVEMBER 4, 2014 |

**RULING RE: PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND EXPENSES (Doc. No. 92)**

Plaintiff Carmody & Torrance LLP ("Carmody") brought this Freedom of Information Act ("FOIA") action principally in order to obtain certain documents from the defendants.  See Complaint (Doc. No. 1) at 8; 5 U.S.C. § 552(a)(4)(B).  In its March 14, 2014 Ruling (Doc. No. 90), the court granted some of the relief sought in the Complaint and denied others.  The court assumes familiarity with the facts of this case as laid out in that Ruling.  In the present Motion (Doc. No. 92), Carmody now seeks an award of $117,493.00 in attorneys' fees and $685.82 in costs against the two defendants.  See Affidavit of Attorney Kurtis Z. Piantek (Doc. No. 92-1) ¶ 16.

The kind of award that Carmody seeks here is appropriate (1) for a party that "substantially prevailed," 5 U.S.C. § 552(a)(4)(E)(i), (2) where an award will serve the purposes underlying FOIA, see Pietrangelo v. U.S. Army, 568 F.3d 341, 343 (2d Cir. 2009), (3) to the extent that the award is "reasonable," 5 U.S.C. § 552(a)(4)(E)(i).  The determination whether to award fees is in the discretion of the district court.  See

1

Pietrangelo, 568 F.3d at 343.

The second factor is of particular importance in this case. Because the plaintiff has not shown that an award serves the purposes underlying the FOIA, the court will not exercise its discretion to award fees.

Even if it substantially prevailed, "a litigant must show that he is entitled to an award under the four criteria the court weighs in determining whether fees are appropriate: (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the Government had a reasonable basis for withholding requested information." Pietrangelo, 568 F.3d at 343; see also Davy v. CIA, 456 F.3d 162, 166 (D.C. Cir. 2006). Although "the release of any government document benefits the public by increasing its knowledge of its government . . . Congress did not have this broadly defined benefit in mind when it amended FOIA to authorize attorneys' fees for those who substantially prevailed . . . ." Cotton v. Heyman, 63 F.3d 1115, 1120 (D.C. Cir. 1995). "[T]here will seldom be an award of attorney's fees when the suit is to advance the private commercial interest of the complainant because the private self-interest motive of, and often pecuniary benefit to, the complainant will be sufficient to insure the vindication of the rights given in the FOIA." Tax Analysts v. DOJ, 965 F.2d 1092, 1096 (D.C. Cir. 1992) (quotation marks omitted).

Carmody has not shown that this is the kind of case in which it is appropriate for the court to exercise its discretion to award a fee. Indeed, it made no argument at all on this front, see generally Motion (Doc. No. 92), and did not file any reply in response to arguments by the defendants that relied heavily on arguments to the effect that the

plaintiff is not entitled to an award of fees and costs in light of the foregoing standard, see Opposition (Doc. No. 95).

Nor, on the merits, is this case the kind in which a fee award is appropriate. In its Ruling (Doc. No. 90), the court already made a determination in connection with its Exemption 6 analysis that "[t]he public interest in this case is negligible or nonexistent." Ruling at 25. Carmody appears to have sought the documents at issue with the only foreseeable benefits being commercial benefits to its client in ongoing litigation. See id. On these facts, the first three factors weigh heavily against awarding fees to Carmody. And Carmody has not established that the defendants' position had no "reasonable basis in law." Williams v. FBI, 17 F. Supp. 2d 6, 9 (D.D.C. 1997). Notably, the court found that the search was adequate, see Ruling at 14–17; that, under Exemption 4, "DCMA . . . adequately justified non-disclosure" as to "the bulk of withheld information," id. at 21; that, under Exemption 6, "DCMA . . . adequately justified [all of] its redaction[s]," id. at 26; and that "all reasonably segregable information [was] released to Carmody," id. at 26–27.

Because Carmody has not shown that this case is one where awarding a fee serves the purposes underlying the fee-shifting provision, the court determines in its discretion that a fee award is not appropriate in this case.

The Motion is **DENIED**.

**SO ORDERED**.

Dated this 4th day of November 2014 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

3